MIKUTAITIS *v.* UNITED STATES

No. A-195.   Decided September 17, 1986

JUSTICE STEVENS, Circuit Justice.

The United States District Court for the Northern District of Illinois is holding applicant, Mecislovas Mikutaitis, in civil contempt of court because he refuses to testify at a deposition in Chicago despite a grant of immunity by the United States District Court for the Middle District of Florida, where denaturalization proceedings against one Jurgis Joudis are pending.   The papers before me indicate that the testimony the Government seeks from Mikutaitis will tend to prove that he, as well as Joudis, cooperated with the Nazi Government, committed war crimes, and engaged in treasonous activity against the Soviet Union after it invaded Lithuania during

World War II. Mikutaitis asserts that the testimony the Government seeks to compel may be used by the Soviet Union in a criminal proceeding against him in the event that he is denaturalized and deported there and his testimony comes to the attention of the Soviet Government. Thus, he contends that because the grant of immunity does not adequately protect against the use of his testimony against him in a criminal prosecution by a foreign sovereign, he has a Fifth Amendment privilege against testifying.

In support of his theory, Mikutaitis argued before the District Court that there is a probability that he too will eventually be denaturalized and deported since his deposition testimony may be used against him in such a civil proceeding. In this regard, a lawyer for the Government's Office of Special Investigations testified that the United States is actively engaged in seeking to denaturalize and deport those who cooperated with the Nazi Government and concealed their involvement to obtain entry into the United States. Mikutaitis also presented an expert in Soviet law, who testified that the Soviet Union is likely to prosecute Mikutaitis for treason if he is deported there. The District Court recognized that Mikutaitis has a "realistic fear of prosecution," but nonetheless found Mikutaitis in contempt. The District Court held that the court order sealing the deposition sufficiently protected him from the risk that his testimony would ever be disclosed to the Soviet Union. See *United States v. Joudis*, 800 F. 2d 159, 161 (CA7 1986). The District Court allowed Mikutaitis to remain free on bail pending appeal.

The United States Court of Appeals for the Seventh Circuit affirmed the contempt order, concluding that "the sealing order [was] adequate to protect Mikutaitis from Soviet acquisition of his testimony and thus override his Fifth Amendment claim." *Id.*, at 162. In light of this conclusion, it was not necessary for the court to decide whether the

constitutional privilege against self-incrimination provides any protection against compelled testimony when there is a substantial risk that a foreign sovereign will prosecute the witness. See *Zicarelli* v. *New Jersey Investigation Comm'n,* 406 U. S. 472, 478 (1972) (declining to reach constitutional issue since there was no "real and substantial" danger that witness' testimony would be used against him in a foreign prosecution).

On September 5, 1986, a panel of the Court of Appeals granted the Government's motion for immediate issuance of the mandate, and on September 10, the District Court ordered Mikutaitis to surrender himself to the custody of the United States Marshal on the following day. Mikutaitis complied with that order. He now asks me, in my capacity as Circuit Justice, to stay the issuance of the Court of Appeals' mandate and the District Court's order requiring him to report for custody, thereby allowing him to remain free on bond pending his filing a suggestion for rehearing to the Court of Appeals, or a petition for certiorari to this Court.[1] Pursuant to my request, the United States has filed a memorandum in opposition to the application.

In my opinion the question raised by this application is sufficiently similar to the question identified by THE CHIEF JUSTICE in *Araneta* v. *United States, ante,* p. 1301 (BURGER, C. J., in chambers), to make it appropriate for the full Court to consider this application for a stay at the same time it decides whether or not to grant certiorari in *Araneta.*[2] In *Araneta,* THE CHIEF JUSTICE granted a stay of the contempt order pending a petition for certiorari, based in part on his prediction that it is "more likely than not" that five Justices

---

[1] A suggestion for rehearing en banc was filed with the Court of Appeals on September 16, 1986.

[2] A petition for certiorari was filed in *Araneta* on August 4, 1986, and the Court should be able to act upon it during its conference later this month. See *Araneta, ante,* at 1305.

will agree with the United States Court of Appeals for the Fourth Circuit that the sealing of the grand jury testimony under Federal Rule of Criminal Procedure 6(e) in that case did not provide adequate protection against future disclosure of testimony to the Government of the Philippines. *Ante*, at 1304. That conclusion was supported by the risk that the testimony might be disclosed inadvertently, the fact that the order did not forbid disclosure of evidence derived from the testimony, and the possibility that the grand jury record might be opened at a later date. See *United States* v. *(Under Seal)*, 794 F. 2d 920 (CA4 1986). All of these factors are relevant in this case as well.[3]

It does not appear that the Government will be significantly prejudiced by an additional short delay in obtaining Mikutaitis' deposition.[4] On the other hand, it is possible that continued enforcement of the contempt order may have the practical consequence of rendering the proceeding moot if Mikutaitis is pressured into testifying because of the prospect of lengthy imprisonment pending consideration of his petitions for review by the en banc Court of Appeals or this Court. In light of these considerations, I have decided to grant the application. Accordingly, the enforcement of

---

[3] Recognizing that two courts have now ruled that the sealing order eliminates Mikutaitis' substantial fear of disclosure, I nonetheless believe that the legal question of whether sealing orders adequately protect against disclosure for Fifth Amendment purposes is one of the two key issues presented in *Araneta*, and that the full Court should have the opportunity to consider this stay application in light of its action on the petition in *Araneta*. As it stands, some of the United States Courts of Appeals appear to have reached differing conclusions on this issue. See *United States* v. *(Under Seal)*, 794 F. 2d, at 925 (acknowledging that three Circuits have deemed Rule 6(e) orders sufficiently protective, but holding that the "contrary authority [is the] more compelling").

[4] The Government initially sought to depose Mikutaitis in 1983, the order requiring him to testify was issued in October 1985, and he was found to be in contempt on March 11, 1986.

the contempt order entered by the District Court on March 11, 1986, which had been stayed until September 5, 1986, is stayed until further order of this Court.[5]

---

[5] The entry of this order shall not in any way affect the jurisdiction of the Court of Appeals to take whatever action it deems appropriate in response to the pending suggestion for rehearing. Nor does this order preclude the District Court from entering whatever orders it deems appropriate to insure that Mikutaitis will be available to testify in the event that the judgment of the panel of the Court of Appeals is ultimately upheld. Finally, issuance of this order is in no way intended to discourage either Mikutaitis or the Government from seeking a broader sealing order. See *United States* v. *Joudis*, 800 F. 2d 159, 163 (CA7 1986).